IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VICKIE PINKSTOCK,**

        **Plaintiff,**

  vs.                                      **Civil Action 2:07-CV-564**
                                                    **Judge Smith**
                                                    **Magistrate Judge King**

**SECRETARY OF HEALTH and**
**HUMAN SERVICES,**
        **Defendant.**

## OPINION AND ORDER

      Plaintiff appeals the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. 42 U.S.C. §405(g). On August 8, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner be affirmed as supported by substantial evidence. Doc. No. 18. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 21, and the Commissioner's response. Doc. No. 22. The Court has reviewed the *Report and Recommendation de novo,* in light of plaintiff's objections thereto. *See* 28 U.S.C. §636(b).

      Plaintiff raises in her objections the same challenges to the Commissioner's decision as were raised before the Magistrate Judge. First, plaintiff complains that the record does not include the transcript of the first administrative hearing. An administrative hearing was first held in October 2005 but the administrative law judge scheduled a supplemental hearing in order to obtain expert testimony. *See A.R.* 304. Plaintiff appeared at the supplemental hearing with

counsel.[1]  The administrative law judge essentially transformed the supplemental hearing into a single, comprehensive hearing in which he questioned plaintiff again in all areas addressed at the original hearing, providing her the opportunity to testify anew on those topics. This was not a situation where the administrative law judge simply referred to testimony at the earlier hearing; instead, the evidence relied upon by the administrative law judge was only that evidence presented at the supplemental hearing, the transcript of which is included in the record.  The administrative law judge announced at the outset of the supplemental administrative hearing that he would use his notes from the first hearing as a basis for questioning the plaintiff, a procedure to which neither plaintiff nor her representative objected.

> Moreover, plaintiff was granted the opportunity -- which she in fact took -- to correct and supplement the information solicited by the administrative law judge pursuant to this procedure. *See, e.g., A.R.* 323-245. The procedure utilized by the administrative law judge simply had the effect of making the March 2006 supplemental hearing the single comprehensive hearing which included all relevant information, including the testimony by the experts who were not present at the earlier hearing.

*Report and Recommendation,* at 8. This Court agrees that the procedure utilized by the administrative law judge at the supplemental hearing was not so defective as to require reversal and remand of this action.

Plaintiff also renews her other challenges to the Commissioner's decision: plaintiff challenges the administrative law judge's credibility assessment, residual functional capacity assessment,

---

[1] Plaintiff insists that her representative at the supplemental hearing was not an attorney.  However, the administrative record identifies plaintiff's representative as an attorney.  *See A.R.* 302.

and reliance on the testimony of the vocational expert who was asked to assume that residual functional capacity assessment.

All of plaintiff's challenges are based on the administrative law judge's rejection of the opinion of the consultative psychological evaluator, Stephen Yerian, Psy.D., who characterized plaintiff's ability to maintain attention and concentration as markedly impaired and her ability to withstand the stress and pressures of day-to-day work activity as severely limited. *A.R.* 267. The administrative law judge rejected Dr. Yerian's assessment as inconsistent with the greater weight of the evidence and based, at least in part, on the misapprehension that plaintiff had not worked for more than one year prior to the date she in fact quit working. *See A.R.* 332-33. Although plaintiff attempts to interpret the record differently, the fact remains that Dr. Yerian's consultative opinions were inconsistent with the opinions articulated by another consultative evaluator, James C. Tanley, Ph.D., *see A.R.* 208-10, and the psychological expert who testified at the administrative hearing, Jeffrey Madden, Ph.D. Indeed, Dr. Madden testified that Dr. Yerian's opinions were unreliable in comparison with the other evidence of record. *See, e.g., A.R.* 334.

As the *Report and Recommendation* noted, the record in this action reflects conflicting evidence which the administrative law judge resolved by reference to the appropriate standards. Moreover, the administrative law judge fully articulated the reasons for his findings. Although plaintiff insists that the administrative law judge was obliged to recontact Dr. Yerian for a clarification of his report, the only authority cited by plaintiff for that proposition, *SSR* 96-5p, refers only to reports of treating sources. Dr. Yerian performed only one

3

consultative evaluation of the plaintiff and was not a treating source.

In short, and having carefully reviewed the administrative law judge's credibility determinations and evaluation of the conflicting testimony in this record, the Court concludes that the findings of the administrative law judge enjoy substantial support in the record. The Court will not disturb those findings.

Plaintiff's objections to the *Report and Recommendation,* Doc. No. 21, are **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED.**

The Clerk shall **ENTER FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

                                         s/George C. Smith
                                   George C. Smith, Judge
                                 United States District Court